IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DEKENDRICK DONTE MATLOCK, ) <br> TDCJ #1310484, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> RICK THALER, Director, ) <br> Texas Department of Criminal Justice, ) <br> Correctional Institutions Division, ) <br> Respondent. ) | Civil No. 7:12-CV-091-O-BL |

REPORT AND RECOMMENDATION

Petitioner, an inmate confined in the Coffield Unit of the Texas Department of Criminal Justice ("TDCJ") in Tennessee Colony, Texas, brings this action pursuant to 28 U.S.C. § 2254. Matlock challenges the validity of disciplinary action no. 2010029474 which was brought against him at the Allred Unit in Iowa Park, Texas. Petition ¶ 17. Petitioner was found guilty of assaulting another inmate. *Id.* The disciplinary case resulted in a freeze in Petitioner's custodial classification, 15 days of recreation restriction, and 45 days of commissary restriction. *Id.* at ¶ 18.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A challenge to a disciplinary proceeding attacks the inmate's conditions of restraint rather than attacking the underlying conviction. *Story v. Collins*, 920 F.2d. 1247, 1251 (5th Cir. 1991). Therefore, the Court does not look to the date of the criminal conviction for purposes of the statute of limitations. Rather, the Court must look to the factual predicate upon which the habeas petition is based. *Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002). This factual predicate in the instant action is the disciplinary action that was heard and decided on June 22, 2010. *See* Petition ¶ 18. Matlock states that he filed two grievances challenging the disciplinary action. Petition ¶ 19. The grievances would have the effect of tolling the statute of limitations for the period of time they were pending. However, Matlock has not provided the dates on which the grievances were decided. *Id.*

The instant case was filed almost two years after the disciplinary hearing. Therefore, Matlock's petition is likely time-barred. Even assuming that the instant petition is timely, Matlock is not entitled to relief.

Petitioner has failed to state a colorable claim for habeas corpus relief. Matlock has no constitutionally protected interest in his prison custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Therefore, the freeze in his custodial classification does not warrant due process protection.

With regard to the loss of privileges, Matlock is not entitled to habeas relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary recreation and commissary restrictions, such as those imposed against Matlock, do not raise such concerns.

Petitioner concedes that he is not eligible for mandatory supervised release and that he did not lose any previously earned good time credits as a result of the disciplinary action. Petition ¶¶ 16 & 18. Therefore, he had no constitutionally protected liberty interest at stake. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally

protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 11th day of June, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

[1] The Clerk of Court has notified the Court that Petitioner failed to either pay the $5.00 filing fee or seek leave to proceed *in forma pauperis*. Because this case is subject to summary dismissal, I recommend that the Court not waste scarce judicial resources seeking a $5.00 filing fee or a motion for leave to proceed *in forma pauperis* from Petitioner.